UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Lee Thomas, | ) C/A No. 4:09-2134-TLW-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| | ) |
| National Labor Relations Board NLRB, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

This is a civil action filed *pro se.* Plaintiff has filed an Application to Proceed *In Forma Pauperis* in this case. The case is presently before the undersigned magistrate judge for report and recommendation following pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

Plaintiff's statement of claim in his Complaint reads in its entirety:

Please be advised that this is a claim(s) against the named defendant, National Labor Relations Board from the specific action(s) of the agency (NLRB) in refusing to issue a complaint on the charge in Professional Transportation Inc., et al- NLRB case # 11-CA-22237 among others and hereby in keeping within the six-months filing period(s) as require under NLRB provisions, etc.

Entry 1, at 4.

The "relief" section of Plaintiff's Complaint states in its entirety:

Initially to sustain six months NLRB regulated time provisions in order to maintain this action in court among others which is forthcoming, complaint Sections 1331, 1332 diversity of jurisdiction.

Id. at 5. The only Defendant named in this case is the NLRB, and Plaintiff does not request any kind of

specific relief from the NLRB such as compensatory damages, injunctive relief, or declaratory relief.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[1] Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1]The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–

> (1) citizens of different States[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). Although Plaintiff lists the diversity statute, 28 U.S.C. § 1332, in his Complaint's relief section, thereby at least impliedly asserting that

there is "diversity jurisdiction"for this Court to consider his claims, no such jurisdiction available in this case because the only Defendant named in this case is a federal agency: the NLRB.   Neither the United States itself nor the agencies thereof are citizens of any state for diversity purposes and, accordingly, they may not be sued in federal court under diversity jurisdiction.   *See General Ry. Signal Co. v. Corcoran,* 921 F.2d 700, 704-05 (7th Cir. 1991); *Weeks Constr., Inc. v. Oglala Sioux Hous. Auth.*, 797 F.2d 668, 676 n. 10 (8th Cir.1986); *CPS Electric, Ltd. v. U.S.*, 166 F. Supp.2d 727, 729 (N.D.N.Y. 2001).   Although it is not clear whether Plaintiff's allegations would be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy in this case, this does not matter in this case because, in absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, it is clear that the allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.   That is, the Complaint does not state a viable claim cognizable under this Court's "federal question" jurisdiction.   The Complaint in this case is subject to summary dismissal because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s}" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against Defendant.   As stated above, Plaintiff fails to provide the Court with any factual background for the claims he attempts to raise. Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain"statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant."   *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted).   Specifically, "[t]he presence [] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint do not support the legal conclusion." *Id.* at 405 n.9 (internal quotation

marks and citations omitted and alterations in original). Although we are bound to liberally construe Plaintiff's *pro se* complaint, Plaintiff must do more than make mere conclusory statements to support his claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). A complaint comprised solely of labels and conclusions is insufficient to satisfy this rule, specific facts, elaborate arguments, or fanciful language are not necessary. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). In fact, without adequate factual background, this Court cannot really discern what kind of "claim" Plaintiff is attempting to raise and the Complaint is both frivolous and fails to state a claim on which relief may be granted. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants); *see also Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977)(dismissing a *pro se* complaint for improper pleading); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). As the United States Supreme Court has recently explained, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court also stated that "[w]e are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50 (quotation marks omitted).

Despite the fact that Plaintiff's allegations contain bald citations to "§ 1331," which is being liberally construed to mean 28 U.S.C. § 1331, the federal statute that establishes "federal question jurisdiction" and § 1332," which is liberally construed to mean 28 U.S.C. § 1332, the diversity

jurisdiction statute, there is such an absence of supporting factual allegations that such citations are meaningless to this Court's analysis of the case. In any event, this Court is not bound by such conclusory citations and should disregard them in absence of factual allegations that would support the application of those statutes in this case. When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); see *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); *cf. Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109 (1936)("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

In an attempt to discern some idea of what claim(s) Plaintiff is attempting to bring before this Court from his conclusory allegations, the undersigned is required to "read between the lines" and infer that Plaintiff is dissatisfied with an NLRB decision, issued at some undisclosed time and under undisclosed circumstances, not to issue a complaint against some undisclosed person or entity (perhaps Plaintiff's employer and/or union) for an alleged unfair labor practice (ULP). Drawing reasonable inferences from the few facts provided by Plaintiff, it seems that Plaintiff filed a formal claim of ULP with the NLRB which was given the claim number 11-CA-22237, but there are no factual allegations describing what kind of labor practice the claim was based on or indicating who

the claim was against. Plaintiff does not specifically state that he wants this Court to direct the NLRB to change its decision and to issue a ULP complaint; however, it may inferred from the minimal allegations that this is why Plaintiff filed this case. This Court does not have subject matter jurisdiction over such a claim.

Sole discretion over whether or not to issue ULP complaints resides with the NLRB's General Counsel under 29 U.S.C. § 153(d), and applicable case law provides that federal courts such as this one may not review the NLRB's decision not to issue a ULP complaint in absence of specifically alleged circumstances supporting possible limited exceptions (where the NLRB's General Counsel acts in excess of his/her delegated authority and/or misapplies applicable law)to the general rule of non-reviewability. *See, e.g.*, *George Banta Co. v NLRB*, 626 F. 2d 354, 356 (4th Cir. 1980); *Wellington Mill Div., West Point Mfg. Co. v NLRB*, 330 F. 2d 579, 590 (4th Cir. 1964); *cf. Assoc. Builders & Contractors, Inc. v Irving*, 610 F2d 1221 (4th Cir. 1979)(recognizing limited exception to non-reviewability where complaint discloses that agency's failure to act turns on a mistake of law and is, therefore, in excess of the Board's delegated powers; review available through independent action in District Court). Since Plaintiff's allegations are so sparse and conclusory, none of the possible exceptions to non-reviewability of the General Counsel's decision are shown in this case. Accordingly, to the extent that Plaintiff wants this Court to review and overturn the NLRB's rejection of his ULP claim, the Complaint filed in this case is frivolous and subject to summary dismissal without issuance of service of process.

Moreover, to the extent that Plaintiff's cryptic allegations in his "relief" section about the "six months NLRB regulated time provisions" could be extremely liberally construed as an effort on Plaintiff's part to file a "hybrid action" of the type allowed under section 301 of the Labor Management Relations Act of 1947 (29 U.S.C. § 185), the Complaint is still frivolous and subject

to summary dismissal.  A hybrid action under 29 U.S.C. § 185  may be asserted by an employee against his employer and/or his union, by an employer against a union, or by a union against an employer only.  Such an action has a six-month limitation period and seeks recovery from an employer for breach of its contractual obligations under a collective bargaining agreement and/or from a union for breach of its duty of fair representation.  *See* Barbara J. Van Arsdale, Annotation, *When Does Six-Month Limtations Period, Applicable to Employee's "Hybrid" Action Against Employer and Union Under § 301 of Labor Management Relations Act of 1947 (29 U.S.C.A. § 185), Begin to Run*, 194 A.L.R. Fed. 1 (2004) and cases collected therein.  Since the only Defendant named in this case is the NLRB and not Plaintiff's employer or union, Plaintiff fails to sufficiently allege any viable hybrid action which, at least facially, would fall within this Court's federal question jurisdiction.  *Cf. DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 163 (1983)(recognizing federal jurisdiction in hybrid actions against an employer).

Finally, although he states that he is filing "to sustain six months NLRB regulated time provisions . . . ," as stated previously, Plaintiff does not specifically request any relief from this Court nor does he suggest to this Court any remedy for the alleged failure of the NLRB to issue a ULP complaint based on his claim.  Were this Court to find that Plaintiff's rights have been violated,  but order no remedy, it would, in effect, be rendering an advisory opinion.  Such action is barred by Article III of the Constitution.  *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Boston Chapter, NAACP v. Beecher*, 716 F.2d 931, 933 (1st Cir. 1983); *see Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions).  The Tenth Circuit Court of Appeals faced an analogous situation in *Pub. Serv. Co. v. EPA*, 225 F.3d 1144 (10th Cir. 2000).  In that case, addressing the plaintiff's failure to request specific relief, the court stated,

This court would violate Article III's prohibition against advisory opinions were it to

do that which [the plaintiff] requests, *i.e.*, issue a mere statement that the EPA's interpretation and application of the law was incorrect without ordering some related relief.

*Id.* at 1148 n. 4 (citing *U. S. v. Burlington N. R.R.*, 200 F.3d 679, 699 (10th Cir. 1999)). *Cf. James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996)(holding that, if the court were barred from granting the requested relief, its decision "would be an advisory opinion barred by Article III of the Constitution").   It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).   In absence of a request for relief from Plaintiff and well as in absence of sufficient factual allegations to state a viable claim against the named Defendant that falls within this Court's subject matter jurisdiction, the Complaint filed in this case is frivolous and subject to summary dismissal.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

 s/Thomas E. Rogers, III

Thomas E. Rogers, III
United States Magistrate Judge

October 26, 2009
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).