UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Lee Thomas, | ) C/A No. 4:09-2134-TLW-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) (partial summary dismissal) |
| | ) |
| **National Labor Relations Board** NLRB; | ) |
| **Willie L Clark, Jr.**, Regional Director NLRB; | ) |
| **Ronald Meisburg**, NLRB Regional Counsel; | ) |
| **Jane North**, Agenda Committe NLRB; | ) |
| **Professional Transportation, Inc.**; | ) |
| **Robert Shoddy**, Vice President, PTI; | ) |
| **Steven M. Gruelich**, manager PTI; | ) |
| **Robert Trevault**, Vice President PTI; | ) |
| **Bryan Powell**, manager PTI; | ) |
| **United Professional & Service Employees Union, Local 1222**; | ) |
| **Michael Ward**, President/CEO of CSX; | ) |
| **CSX unidentified employees Does**, Trainmaster Florence, SC; | ) |
| **Stuart J. Ishimaru**, Acting EEOC Chairman; | ) |
| **Ronald D. Romain**, President/CEO of PTI, and | ) |
| **United Companies LLC**, parent to PTI, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

This is a civil action filed *pro se.* Plaintiff has filed an Application to Proceed *In Forma Pauperis* in this case. The case is presently before the undersigned magistrate judge for report and recommendation following pre-service review. Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings

by non-prisoners should also be screened).

Plaintiff originally filed this case in August 2009 and submitted a somewhat vague Complaint naming NLRB as the only Defendant and that failed to request any relief from this Court. (Entry 1). A Report and Recommendation was issued in the case because the Complaint was frivolous without a claim for relief. (Entry 11).  However, when Plaintiff submitted Objections to the Report that indicated an intent on Plaintiff's part to cure the defects in his Complaint (Entries 16, 18), the district judge remanded the case to the undersigned for further consideration.  (Entry 19).  Plaintiff was directed to submit an amended complaint to the Court and to provide all service documents required for any party or parties added by the amended complaint.  The case was supposed to be brought into proper form by March 16, 2010. (Entry 24).   The Amended Complaint (Entry 29) and service documents were submitted by Plaintiff nearly three months late, but, out of an abundance of caution, the undersigned did not recommend dismissal for late filings, but, instead, conducted the required initial review of the Amended Complaint.

Plaintiff added fourteen additional Defendants and numerous additional allegations with his Amended Complaint.  Initial review of the pleading discloses that Plaintiff is complaining about his employment with  Professional Transportation Inc. (PTI) being terminated and about the refusal of the Equal Employment Opportunity Commission (EEOC) and the National Labor Relations Board (NLRB) to issue findings of employment discrimination or unfair labor practices (ULP) against PTI and/or Plaintiff's labor union.   Plaintiff names his employer, its parent company, and several of its officers/supervisors, the two federal agencies themselves and several of their officials, and the president of a train company (CSX) and an unknown employee of that company as Defendants under the Amended Complaint.  He claims that all Defendants "conspired" against him in connection with

2

his employment termination and his attempts to challenge it, and he seeks injunctive relief and damages. It appears that he might wish to be re-employed by PTI and obtain "back pay."

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[1] Even under this less stringent standard, the Amended

---

[1]The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented"

Complaint filed in this case is subject to partial summary dismissal as to all Defendants except two[2] pursuant to 28 U.S.C. § 1915(e)(2)(B).

Initially, Plaintiff complains that his employment was terminated by his employer, PTI, due to racial and age discrimination. He names several individual Defendants who appear to be part of the management group at PTI and PTI's parent company, United Companies LLC, but he does not include specific allegations against any of these individuals or the parent company. He does not state which of them, if any, actively participated in his employment termination and he does not state what, if any, personal responsibility any of these individuals bore in the decision to end his employment at PTI. In any event, there is o individual liability in employment discrimination claims. *See Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir.1994); *see also Lissau v. Southern Food Services, Inc.*, 159 F.3d 177 (4th Cir. 1998) (Title VII); *Baird v. Baird*, 192 F.3d 462 (4th Cir. 1999) (ADA). Accordingly, to the extent that he seeks to hold them liable under Title VII, the Amended Complaint fails to state a viable claim against any of the individual officials/employees of PTI.

Without more specific, identifying factual allegations of personal involvement by these individual Defendants in the termination decision or in any other type of specifically identified and described conduct leading to an enterprise among each other resulting in a pattern of improper behavior, Plaintiff also fails to state a viable claim under federal discrimination statutes (42 U.S.C. §§ 1981, 1985) or the RICO Act (18 U.S.C. § 1961(1), (5)).[3] Although Rule 8(a) does not require

---

to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

[2]Plaintiff sufficiently pleads his claims against Defendants PTI and United Professional & Service Employees Union, Local 1222 to survive summary dismissal.

[3] To advance a civil claim under RICO, a plaintiff must allege "(1)conduct (2) of an enterprise (3)through a pattern (4) of racketeering activity." *Lum v. Bank of Am.*, 361 F.3d 217, 223

4

"detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)), in order to "give the defendant fair notice ... of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts which are "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955, 167 L.Ed.2d 929) (internal quotation marks omitted).

Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pleaded with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950. A court may dismiss a complaint where "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). Accordingly, no viable civil rights action or RICO claim is stated against either the parent

(3rd Cir. 2004) *citing Sedema, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985)

5

company or any of the individual officials/employees of PTI, and the Amended Complaint should be summarily dismissed as to Defendants Shoddy, Gruelich, Trevault, Powell, Romain, and United Companies LLC.

Plaintiff next complains that the NLRB did not issue an ULP complaint against PTI for its alleged violation of a collective bargaining agreement (CBA), and that the EEOC did not find during its investigation that PTI discriminated against Plaintiff. In addition to naming the two federal agencies as Defendants, Plaintiff also names certain individual agency officials/employees as Defendants (Clark, Meisburg, North, Ishimaru, Romain). He broadly claims that NLRB and EEOC and their "above-named and captioned officers, agents, individuals . . ." failed in their investigative duties and, by dismissing his complaints with those agencies, "joined in with the other defendants as above captioned-named in this action . . ." and committed the same kind of discrimination and RICO violations asserted against the other Defendants. He seeks injunctive relief and damages from all named Defendants which he describes as "[p]reliminary and permanent injunctions against the Defendants . . . from Engaging in any unlawful practices, and asking for all entitled back pay." Am. Compl. 3.

The Amended Complaint should be summarily dismissed against both the NLRB and the EEOC as well as all individual federal officials/employees named by Plaintiff. Decisions by the NLRB in ULP proceedings are generally non-reviewable by this Court, subject to certain limited exceptions not asserted in this case. In order for this Court to review the NLRB's decision not to issue a ULP complaint against PTI, the Amended Complaint would have to clearly allege that the agency's failure to issue a complaint turns on a mistake of law and was, therefore, made in excess of the Board's delegated powers. *See, e.g., George Banta Co. v NLRB*, 626 F. 2d 354, 356 (4th Cir.

6

1980); *Wellington Mill Div., West Point Mfg. Co. v NLRB*, 330 F. 2d 579, 590 (4ᵗʰ Cir. 1964); *cf.*
*Assoc. Builders & Contractors, Inc.  v Irving*, 610 F2d 1221 (4ᵗʰ Cir. 1979).  Plaintiff does not
include sufficient allegations that could be liberally construed as claiming that the NLRB's decision
was made in excess of its powers.   The only thing he alleges is that the NLRB "failed" in its
investigative duties when it did not issue a ULP complaint against PTI.  Am. Compl. 2.  Moreover,
since Title VII provides for *de novo* consideration of an employee's discrimination claim where the
EEOC either declines to act or issues a finding of non-discrimination and a right-to-sue letter, this
Court has no subject matter jurisdiction over Plaintiff's claim for injunctive relief against the EEOC
or its officials/employees to the extent that it is based on the findings made in their investigation of
Plaintiff's claims and seeks a different result from the agency.  *See Carey v. E.E.O.C.*, No.
C05-5720FDB, 2006 WL 1799397 (W.D. Wash. June 28, 2006) (citing *Ward v. E.E.O.C.*, 719 F.
2d 311, 313 (9ᵗʰ Cir. 1983); *Rosen v. Meese*, No. 87 Civ. 4495 (MBM), 1988 WL 7133 (S.D.N.Y.
Jan. 21, 1988)(citing *Chandler v. Roudebush*, 425 U.S. 840 (1976).  Thus, this Court is without
subject matter jurisdiction to review the NLRB's decision or to issue any type of injunctive relief
against either the NLRB, the EEOC, or their officials based on the agencies' refusal to issue the
requested complaint and findings.

Furthermore, to the extent that Plaintiff seeks damages from either the NLRB, EEOC or their
officials for some undisclosed, unspecified constitutional violations, RICO violations, or for any
other tort-type of claim, the Amended Complaint fails to state a viable claim against any named
Defendant.  In fact, as federal agencies, officials, and/or employees, except in the limited arena of
the Federal Torts Claim Act (FTCA), they may not be sued in federal court for damages.  The United
States (including its agencies) cannot be sued without its express consent, and express consent is a

7

prerequisite to a suit against the United States.  *See  United States v. Mitchell*, 463 U.S. 206, 212

(1983).  The United States has not consented to suit *except* under the FTCA. It is well settled that

even if Plaintiff stated an otherwise proper FTCA claim, which he does not, the agencies and the

officials/employees would not be proper defendants in such a claim.  The bar of sovereign immunity

cannot be avoided by naming officers or employees of the United States as defendants.  *See Gilbert*

*v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).  *Cf. Hawaii v. Gordon*, 373 U.S. 57, 58 (1963).

Thus, a suit under the FTCA is stated only against the United States, and a federal district court lacks

subject-matter jurisdiction over claims asserted against federal agencies or individual federal

employees.  *See Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir.

1975).

  Although the FTCA waives the sovereign immunity of the United States in certain situations,

litigants must strictly comply with the requirements of the FTCA.  *See* 28 U.S.C. § 2675; *United*

*States v. Kubrick*, 444 U.S. 111, 117-18 (1979).  An administrative claim must first be filed with the

appropriate federal agency before commencement of a civil action in a federal district court under

the FTCA.  Administrative claims under the FTCA must be filed on a Standard Form 95, which is

promulgated by the United States Department of Justice.  The Amended Complaint, though

containing allegations about exhaustion of administrative remedies for Title VII and for an action

against the employer and union under § 301 of the Labor Management Relations Act of 1947,[4]

---

[4] Plaintiff broadly cites to numerous provisions of the Labor Management Relations Action
of 1947, indicating a very liberally construed intent to pursue what is known as a "hybrid action"
under § 301 of the Labor Management Relations Act of 1947 (29 U.S.C. § 185).  While such actions
are permissible in federal district court, they are filed against an employer and/or union, not against
the NLRB or any other agency or official/employee.  *See* Barbara J. Van Arsdale, Annot., *When Does*
*Six-Month Limtations Period, Applicable to Employee's "Hybrid" Action Against Employer and*
*Union Under § 301 of Labor Management Relations Act of 1947 (29 U.S.C.A. § 185), Begin to Run*,

contains no indication that Plaintiff timely submitted a claim on the Standard Form 95 to either the

NLRB or the EEOC.[5]  Accordingly, Plaintiff's Amended Complaint is subject to partial summary

dismissal as to both agencies and all their officials/employees because no viable claims for injunctive

relief or for damages are stated against any of them.

Finally, Plaintiff names two additional Defendants about whom the allegations contained in

the Amended Complaint fail to state any viable claim for relief: "Michael Ward, President/CEO of

CSX, and CSX unidentified employees Does, Trainmaster Florence, SC."  It is unclear if Plaintiff

intended that these particular parties be included in all claims as "other conspiratorial parties," which

collective, non-descriptive term Plaintiff uses at least twice in the Amended Complaint, apparently

trying to reference all Defendants without having to specifically name them or discuss what they

allegedly did to him.  If he did so intend, then the Amended Complaint should be summarily

dismissed as to these two Defendants as well because, as was the case with the individual PTI

employees, the Amended Complaint fails to comply with Rule 8 because it is far too conclusory and

lacking in factual details of these parties' personal involvement in the matters of which he

complains.  There are no specific facts showing any kind of wrongdoing or personal responsibility

of either of these two parties, and the attempt to conveniently tie them up with all other named

Defendants through use a collective term like "other conspiratorial parties" fails.  Following close

review, the *only* allegations contained in the Amended Complaint about "Michael Ward,

President/CEO of CSX, and CSX unidentified employees Does, Trainmaster Florence, SC" are

---

194 A.L.R. Fed. 1 (2004).

[5]The administrative claim must be submitted in writing within two (2) years after the claim
accrues.  28 U.S.C. § 2401(b).

descriptive in nature and appear to be included in the Amended Complaint for personal
jurisdiction/venue purposes:

> [u]pon Information and belief, Defendant CSX Corporation, known and unknown
> Does, Defendant Michael Ward, is and at all time herein mentioned as above
> captioned has been a corporation duly organized and existing under and by virtue of
> the laws of the State of Florida.  CSX maintains offices throughout the United States,
> including one in Florence, South Carolina.

There are no factual allegations whatsoever in the Amended Complaint that attribute any wrongdoing
to these two parties, thus no viable claims within this Court's subject matter jurisdiction are stated
against them.  *See Trulock v. Freeh*, 275 F.3d at 405; *Weller v. Dep't of Social Servs.*, 901 F.2d at
389; *see also* Fed. R. Civ. P. 8.  As the Supreme Court has recently explained, "[t]hreadbare recitals
of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to
plead a claim.  *Iqbal*, 129 S. Ct. at 1949. And "[w]e are not bound to accept as true a legal conclusion
couched as a factual allegation." *Id.* at 1949-1950 (quotation marks omitted).  In absence of
allegations of any wrongdoing on the part of these Defendants, Plaintiff's Amended Complaint is
both frivolous and fails to state a claim on which relief can be granted as to those Defendants.  *See
Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis*
claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social
Servs.*, 901 F.2d at 389n. 2 (dismissal proper where there were no allegations to support claim); *Dove
v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); *see also Kuhn v. Milwaukee County*,
No. 02-3522, 59 Fed. Appx. 148, *2 (7th Cir., Feb. 18, 2003).  It is well settled that federal courts
performing their duties of construing *pro se* pleadings are not required to be "mind readers" or
"advocates" for *pro se* litigants.  *See  Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.
1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Although we are bound to liberally

4:09-cv-02134-TLW    Date Filed 03/29/11    Entry Number 36    Page 11 of 12

construe Plaintiff's *pro se* pleadings, Plaintiff must do more than make mere conclusory statements to support his claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court summarily dismiss the Amended Complaint in this case *without prejudice* and without issuance and service of process as to all Defendants, except Professional Transportation, Inc. and United Professional & Service Employees Union, Local 1222. *See supra* note 1 and accompanying text; *see also United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

                                                           s/Thomas E. Rogers, III
                                                          Thomas E. Rogers, III
                                                          United States Magistrate Judge

March 29, 2011
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).