IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Robert Lee Thomas, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C/A No. 4:09-2134-TLW-TER |
| vs. | ) | |
| | ) | ORDER |
| **National Labor Relations Board** NLRB; | ) | |
| **Willie L Clark, Jr.**, Regional Director NLRB; | ) | |
| **Ronald Meisburg**, NLRB Regional Counsel; | ) | |
| **Jane North**, Agenda Committe NLRB; | ) | |
| **Professional Transportation, Inc.**; | ) | |
| **Robert Shoddy**, Vice President, PTI; | ) | |
| **Steven M. Gruelich**, manager PTI; | ) | |
| **Robert Trevault**, Vice President PTI; | ) | |
| **Bryan Powell**, manager PTI; | ) | |
| **United Professional & Service Employees Union,** | ) | |
| **Local 1222**; | ) | |
| **Michael Ward**, President/CEO of CSX; | ) | |
| **CSX unidentified employees Does**, Trainmaster | ) | |
| Florence, SC; | ) | |
| **Stuart J. Ishimaru**, Acting EEOC Chairman; | ) | |
| **Ronald D. Romain**, President/CEO of PTI, and | ) | |
| **United Companies LLC**, parent to PTI, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is now before the undersigned for review of the Report and Recommendation

("the Report") filed by United States Magistrate Thomas E. Rogers, III, to whom this case had

previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.).  In

his Report, Magistrate Judge Rogers recommends that the Amended Complaint in this case be

dismissed *without prejudice* and without issuance and service of process as to all Defendants, except

1

Professional Transportation, Inc. and United Professional & Service Employees Union, Local 1222.

(Doc. # 36).

This Court is charged with conducting a <u>de novo</u> review of any portion of the Magistrate

Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in

whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. No objections

have been filed to the Report.[1]  In the absence of objections to the Report and Recommendation of

---

[1]The Court notes that plaintiff has filed a "Motion for Appointment of Counsel-and-Motion for Extension of Enlargement in Which to File an Answer/Response(s) &/or Objection(s) to Report and Recommendation of the Court issued by the United States Federal district's Court Magistrate." (Doc. # 70).  In his motion, plaintiff requests additional time to file objections to the Report and Recommendation filed by Magistrate Judge Rogers on March 29, 2011.  Plaintiff has previously requested and been granted two extensions of time to file objections to this Report.  As indicated, the Report was filed on March 29, 2011.  Objections were due by April 15, 2011.  On April 13, 2011, plaintiff filed a motion for an extension of time to file objections to the Report.  This request was granted by Order filed April 15, 2011, and plaintiff was given until May 16, 2011 to file any objections.  On May 16, 2011, plaintiff filed another motion for an extension of time to file objections to the Report.  This request was granted by Order filed May 25, 2011, and plaintiff was given until June 16, 2011 to file any objections.  Plaintiff was advised that no further extensions of time would be granted.  Plaintiff's third request for an extension of time was filed on June 16, 2011.  After careful review and consideration, and in light of the Court's previous Orders and extensions, this Court **DENIES** plaintiff's motion.  (Doc. # 70).

Additionally, as to plaintiff's request for appointment of counsel, this motion is likewise **DENIED**. "[A] plaintiff does not have an absolute right to appointment of counsel." <u>Miller v. Simmons,</u> 814 F.2d 962, 966 (4th Cir.1987). Instead, the provision of counsel through the auspices of the Court remains, "as [does] the privilege of proceeding in forma pauperis, a matter within the discretion of the District Court. It is a privilege and not a right." <u>Bowman v. White</u>, 388 F.2d 756, 761 (4th Cir.1968).  In delineating the scope of a district court's discretion in this context, the United States Court of Appeals for the Fourth Circuit has held that the requesting litigant "must show that his case is one with exceptional circumstances." <u>Miller</u>, 814 F.2d at 966 (<u>citing Cook v. Bounds</u>, 518 F.2d 779, 780 (4th Cir.1975)). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir.1984), *abrogated in part on other grounds*, <u>Mallard v. United States Dist. Ct. for S.D. of Iowa</u>, 490 U.S. 296 (1989).  More pointedly, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1153 (4th Cir.1978).  At this point, Plaintiff has not shown either that he has a colorable claim or that he lacks the capacity to present any such claim. Accordingly, the Court will exercise its discretion to deny Plaintiff's request for assistance in securing counsel. If a material change in the relevant circumstances develops at a later stage in the case, plaintiff obviously may raise this

2

the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

A review of the record indicates that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 36), and the Amended Complaint in this case is **DISMISSED** *without prejudice* and without issuance and service of process as to all Defendants, except Professional Transportation, Inc. and United Professional & Service Employees Union, Local 1222.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

July 11, 2011
Florence, South Carolina

issue again.