UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ROBERT LEE THOMAS,  )<br>  )<br>        Plaintiff,  )<br>  )<br>     -vs-  )<br>  )<br>  )<br>  )<br>**National Labor Relations Board,** NLRB;  )<br>**Willie L Clark, Jr.**, Regional Director  )<br>NLRB; **Ronald Meisburg**, NLRB Regional )<br>Counsel; **Jane North**, Agenda Committee  )<br>NLRB; **Professional Transportation, Inc**.; )<br>**Robert Shoddy**, Vice President, PTI;  )<br>**Steven M. Gruelich**, manager PTI;  )<br>**Robert Trevault**, Vice President PTI;  )<br>**Bryan Powell**, manager PTI; **United**  )<br>**Professional & Service Employees Union,** )<br>**Local 1222**; **Michael Ward**, President/CEO )<br>of CSX; **CSX unidentified employees Does**,)<br>Trainmaster Florence, SC; **Stuart J.**  )<br>**Ishimaru**, Acting EEOC Chairman; **Ronald** )<br>**D. Romain**, President/CEO of PTI, and  )<br>**United Companies LLC**, parent to PTI;  )<br>  )<br>        Defendants.  )<br>_____ ) | Civil Action No.: 4:09-cv-2134-TLW-TER<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

**I.     INTRODUCTION**

Plaintiff, who is proceeding pro se, appears to assert numerous federal causes of action, including claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq., Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 et seq.; Fair Labor Standards Act of 1938 (FLSA), 28 U.S.C. § 1367; the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 141 et seq. and 42 U.S.C. § 1985(3). Plaintiff also alleges various state law causes of action. Plaintiff's

claims arise out of the termination of his employment with Professional Transportation, Inc. (PTI).

Presently before the Court are Defendants PTI's and United Professional & Service Employees Union Local 1222's (United) Motions to Dismiss (Documents # 60 and # 67, respectively).[1] When the Motions to Dismiss were filed, Plaintiff was advised pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to a Motion to Dismiss could result in a recommendation that the Motion be granted. Plaintiff did not respond to either Motion. The undersigned entered an Order (Document # 82) giving Plaintiff an additional ten (10) days to respond to Defendants' Motions to Dismiss and warning Plaintiff that failure to file responses to the Motions to Dismiss may result in a recommendation that this case be dismissed for lack of prosecution pursuant to Rule 41(b), Fed.R.Civ.P. In response to the Order, Plaintiff filed a Motion for Extension of Time, requesting an additional thirty days to respond to the Motions to Dismiss. Plaintiff's Motion was granted and he filed his Response (Document # 90).

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the present Motions are dispositive, this Report and Recommendation is entered for review by the district judge.

## II.     FACTUAL ALLEGATIONS

Plaintiff's factual allegations with respect to the claims against Defendants PTI and United are scant. Plaintiff alleges that PTI terminated him, a fifty-six year old African American, from employment on February 11, 2009, in retaliation for his opposition to unlawful employment practices

---

[1] All other Defendants named in this action have been dismissed. <u>See</u> Order (Document # 77) and Report and Recommendation (Document # 36).

and policies. He alleges that he suffered a hostile working environment while employed with PTI. He believes that PTI hired a substantially younger employee to replace him. Plaintiff also alleges that United failed to represent him with respect to the termination as is its duty under a Collective Bargaining Agreement. See Amended Complaint.

### III.   STANDARD OF REVIEW

Defendants seek to dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P. When a Rule 12(b)(1) motion is raised as to the factual basis for subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 766 (4th Cir.1991). When evaluating a challenge to jurisdiction under Rule 12(b)(1) the court can go beyond the face of the complaint and consider evidence without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982); see also Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768.

A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

**IV.    DISCUSSION**

While Plaintiff asserts numerous legal conclusions in his Amended Complaint, he asserts very few factual allegations. Plaintiff's Amended Complaint amounts to no more than "an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct. at 1949. Specifically, other than identifying that he is African-American, Plaintiff pleads no particular facts of racial discrimination or other discriminatory intent. See, e.g., Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir.2007) (setting forth requirements for a prima facie case of race discrimination). Furthermore, although he claims that he opposed unlawful employment practices, he does not identify what unlawful employment practices he opposed or how he opposed those actions. See, e.g., Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 258 (4th Cir.1998) (setting forth requirements for prima facie case of retaliation). In addition, he fails to allege facts sufficient to show he was subjected to a hostile work environment. See, e.g., Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (setting forth requirements for prima facie case for a hostile work environment claim). Thus, Plaintiff's allegations fail to state any claim under Title VII.

Likewise, Plaintiff fails to plead sufficient facts of age-based discrimination, other than his belief that a younger employee replaced him. He pleads no facts to support the allegation that he was discharged because of his age. See Warch v. Ohio Casualty Insurance Co., 435 F.3d 510, 513 (4th Cir.2006) (setting forth requirements for prima facie case of age discrimination). Thus, his claim under the ADEA fails.

Plaintiff also alleges that PTI did not properly pay him under the FLSA nor did PTI or United abide by § 301 of the LMRA with respect to his discharge. However, these legal conclusions are not supported by any factual allegations. Furthermore, other than vaguely mentioning "conspiracy" and RICO and 42 U.S.C. § 1985 in his Amended Complaint, Plaintiff fails to make sufficient allegations to state a claim under these statutes. The same is true for any state law claims asserted by Plaintiff. Plaintiff fails to state a claim for relief that is plausible on its face. For these reasons, it is recommended that Defendants' Motions be granted pursuant to Rule 12(b)(6) and this case be dismissed.

Additionally, Plaintiff appears to seek voluntary dismissal of his claims. In his Response to Defendants' Motions, Plaintiff states that he "concede[s] DEFEAT" and "bows out gracefully." Response p. 3. He further states that he "will close chapters with the matter(s) and request[s] closure by way of the Court." Response p. 4. Under Rule 41(a)(2), Fed.R.Civ.P., a voluntary dismissal must be made by court order if it is filed after the opposing party serves an answer or absent consent of the opposing parties. Defendants have not responded to Plaintiff's request. Thus, in the alternative, the undersigned recommends that Plaintiff's claims against PTI and United be dismissed pursuant to Rule 41(a)(2), Fed.R.Civ.P.

**V.      CONCLUSION**

For the reasons discussed above, it is recommended that Defendants PTI's and United's Motions to Dismiss (Documents # 60 and # 67, respectively) be granted and this case be closed.[2] In the alternative, it is recommended that this case be dismissed without prejudice pursuant to Rule 41(a)(2), Fed.R.Civ.P.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 20, 2012
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

[2] If the district judge accepts this recommendation, all other outstanding motions will be moot.